FILED by **KS** D.C.

**Jul 29, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# 21-20407-CR-ALTMAN/REID

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 982(a)(7)

**UNITED STATES OF AMERICA**

**vs.**

**LISVET ALVAREZ RODRIGUEZ,**
**FAUSTO P. CASTILLO,**
**ANDRES DELGADO,**
**ROBERTO BARBON,**
**ALBERTO MARTINEZ,**
**LAZARO LAZA,**
**WALTER ENRIQUE MACIAS, and**
**NELSON RODRIGUEZ, JR.**

　　　　　　　**Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Commercial Insurance

1.　　　Archer Western Construction, Assurant, Simply Healthcare and other companies offered Administrative Services Only ("ASO") insurance plans to their employees.　These employers contracted with the insurance company Blue Cross Blue Shield ("BCBS") to handle the billing, claims handling, and claims payment with respect to claims submitted on behalf of their

employees. These ASO insurance plans reimbursed BCBS for the money BCBS paid out for health benefits for their respective employees.

2.　　　BCBS and the ASO insurance plans managed by BCBS were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

3.　　　BCBS often made payments directly to physicians, medical clinics, or other health care providers, rather than to the beneficiary who received the health care benefits, items, and services.  This occurred when the provider accepted assignment of the right to payment from the beneficiary.

4.　　　To obtain payment for treatment or services provided to a beneficiary, physicians, medical clinics, and other health care providers had to submit itemized claim forms to the beneficiary's commercial insurance plan.　The claim forms were typically submitted electronically via the internet. The claim form required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI").

5.　　　When a provider submitted a claim form to a private insurance plan, the provider certified that the contents of the form were true, correct, and complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims.  The provider also certified that the services being billed were medically

necessary and were in fact provided as billed.

### The Defendants and Related Entities

6.      Quality Professional Healthcare Corp. ("Quality Professional") was a Florida corporation, located at 5040 NW 7th Street, Suite 632, Miami, Florida 33126.   Quality Professional was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatments and services.

7.      Zion Medical Corp Inc. ("Zion Medical") was a Florida corporation located at 1150 NW 72nd Avenue, Suite #700, Miami, Florida 33126. Zion Medical was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatments and services.

8.      Renewal Wellness Center Inc. ("Renewal") was a Florida corporation located at 815 NW 57th Avenue, Suite #305B, Miami, Florida 33126. Renewal was a medical clinic that purportedly provided commercial private insurance beneficiaries with various treatments and services.

9.      Defendant **LISVET ALVAREZ RODRIGUEZ** was a resident of Miami-Dade County and an owner of Quality Professional.

10.      Defendant **FAUSTO P. CASTILLO** was a resident of Miami-Dade County, an owner of Quality Professional, and a licensed medical doctor.

11.      Defendant **ANDRES DELGADO** was a resident of Miami-Dade County and an owner of Renewal.

13.      Defendant **ROBERTO BARBON** was a resident of Miami-Dade County and was an owner of Zion.

14.      Defendant **ALBERTO MARTINEZ** was a resident of Miami-Dade County.

15.     Defendant **LAZARO LAZA** was a resident of Miami-Dade County.

16.     Defendant **WALTER ENRIQUE MACIAS** was a resident of Broward County.

17.     Defendant **NELSON RODRIGUEZ JR.** was a resident of Miami-Dade County.

<u>COUNT 1</u>
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1.      The General Allegations section of this Indictment is re-alleged and incorporated
by reference as if fully set forth herein.

2.      From at least as early as in or around December 2016, the exact date being
unknown to the Grand Jury, and continuing through in or around October 2020, in Miami-Dade
County, in the Southern District of Florida, and elsewhere, the defendants,

**LISVET ALVAREZ RODRIGUEZ,**
**FAUSTO P. CASTILLO,**
**ANDRES DELGADO,**
**ROBERTO BARBON,**
**ALBERTO MARTINEZ,**
**LAZARO LAZA,**
**WALTER ENRIQUE MACIAS, and**
**NELSON RODRIGUEZ JR.**

did knowingly and willfully, that is, with the intent to further the objects of the conspiracy,
combine, conspire, confederate and agree with each other and others known and unknown to the
Grand Jury, to commit offenses against the United States, that is:

a.      to knowingly and willfully execute a scheme and artifice to defraud a health care
benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b),
that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of materially
false and fraudulent pretenses, representations, and promises, money and property owned by, and
under the custody and control of, said health care benefit programs, in connection with the delivery
of and payment for health care benefits, items, and services, in violation of Title 18, United States

4

Code, Section 1347; and

b.  to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.     It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, and the use and benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4.     **LISVET ALVAREZ RODRIGUEZ, FAUSTO P. CASTILLO, ANDRES DELGADO, ROBERTO BARBON, ALBERTO MARTINEZ, LAZARO LAZA, WALTER ENRIQUE MACIAS,** and **NELSON RODRIGUEZ JR.** paid and caused to be paid kickbacks to beneficiaries with BCBS and ASO insurance plans managed by BCBS in exchange for allowing Quality Professional, Zion Medical and Renewal to bill for medical benefits, items, and services

that were not medically necessary, not eligible for reimbursement, and not received by the beneficiaries.

5.     **LISVET ALVAREZ RODRIGUEZ, FAUSTO P. CASTILLO, ANDRES DELGADO, ROBERTO BARBON, ALBERTO MARTINEZ, LAZARO LAZA, WALTER ENRIQUE MACIAS,** and **NELSON RODRIGUEZ JR.** submitted and caused Quality Professional, Zion Medical and Renewal to submit, via interstate wire communications, approximately $5,947,638 in claims for reimbursement to BCBS and ASO insurance plans managed by BCBS.  These claims falsely and fraudulently represented that various health care benefits, items, and services were medically necessary, legitimately prescribed by a doctor, and had been provided to insurance beneficiaries of BCBS and ASO insurance plans managed by BCBS by Quality Professional, Zion Medical and Renewal.

6.     As a result of such false and fraudulent claims, BCBS and ASO insurance plans managed by BCBS made payments to Quality Professional, Zion Medical and Renewal in the approximate amount of $2,027,434.

7.     **LISVET ALVAREZ RODRIGUEZ, FAUSTO P. CASTILLO, ANDRES DELGADO, ROBERTO BARBON, ALBERTO MARTINEZ, LAZARO LAZA, WALTER ENRIQUE MACIAS,** and **NELSON RODRIGUEZ JR.,** and others used the proceeds of the health care fraud and wire fraud for their personal use and benefit, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-17**
**Health Care Fraud**
**(18 U.S.C. § 1347)**

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2.      From at least as early as in or around December 2016, the exact date being

unknown to the Grand Jury, and continuing through in or around October 2020, in Miami-Dade

County, in the Southern District of Florida, and elsewhere, the defendants,

**LISVET ALVAREZ RODRIGUEZ,**
**FAUSTO P. CASTILLO,**
**ANDRES DELGADO,**
**ROBERTO BARBON,**
**ALBERTO MARTINEZ,**
**LAZARO LAZA,**
**WALTER ENRIQUE MACIAS, and**
**NELSON RODRIGUEZ JR.,**

in connection with the delivery of and payment for health care benefits, items, and services, did

knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health

care benefit program affecting commerce, as defined in Title 18, United States Code, Section

24(b), that is, BCBS and ASO insurance plans managed by BCBS, and to obtain, by means of

materially false and fraudulent pretenses, representations, and promises, money and property

owned by, and under the custody and control of said health care benefit programs.

**<u>Purpose of the Scheme and Artifice</u>**

3.      It was a purpose of the scheme and artifice for the defendants and their

accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing

the submission of false and fraudulent claims to a health care benefit program; (b) concealing the

submission of false and fraudulent claims to a health care benefit program; (c) concealing the

receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and

benefit, and the use and benefit of others, and to further the fraud.

**<u>The Scheme and Artifice</u>**

The allegations contained in paragraphs 4 through 7 of the Manner and Means section of

Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth

7

herein as a description of the scheme and artifice.

**Acts in Execution or Attempted Execution of the Scheme and Artifice**

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, as specified in each count below, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as set forth below:

| Count | Defendant(s) | Beneficiary | Clinic | Approx. Date Claim Submitted | Services Claimed; Approx. Amount Claimed; Claim Number |
|---|---|---|---|---|---|
| 2 | Fausto P. Castillo, Roberto Barbon, and Nelson Rodriguez Jr. | J.M.D. | Zion Medical | 12/16/16 | Therapeutic Procedure, 1 or more areas, each 15 minutes; therapeutic exercises to develop strength and endurance, range of motion and flexibility; $350.00 H10000572605078 |
| 3 | Fausto P. Castillo, Roberto Barbon, and Walter Enrique Macias | L.R. | Zion Medical | 04/7/17 | Application of a modality to 1 or more areas; electrical stimulation (manual), each 15 minutes; $350.00 H10000593462040 |
| 4 | Fausto P. Castillo, Roberto Barbon, and Nelson Rodriguez Jr. | M.C. | Zion Medical | 04/15/17 | Application of a modality to 1 or more areas; contrast baths, each 15 minutes; $350.00 H10000594912823 |
| 5 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Roberto Barbon, and Walter Enrique Macias | D.D.J | Quality Profess. | 07/08/17 | Manual Therapy techniques (EG, mobilization/manipulation, manual lymphatic drainage, manual traction) 1 or more regions, each 15 minutes; $150.00 |

| Count | Defendant(s) | Beneficiary | Clinic | Approx. Date Claim Submitted | Services Claimed; Approx. Amount Claimed; Claim Number |
|---|---|---|---|---|---|
| | | | | | H10000610901185 |
| 6 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Roberto Barbon, and Walter Enrique Macias | W.M. | Quality Profess. | 11/03/17 | Manual Therapy techniques, (EG, mobilization/manipulation, manual lymphatic drainage, manual traction) 1 or more regions, each 15 minutes; $300.00 H10000632348453 |
| 7 | Fausto P. Castillo, Roberto Barbon, and Nelson Rodriguez Jr., | N.R. | Zion Medical | 12/01/17 | Application of a modality to 1 or more areas; contrast baths, each 15 minutes; $350.00 H10000637506854 |
| 8 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Andres Delgado, and Alberto Martinez | C.W. | Quality Profess. | 03/10/18 | Therapeutic procedure, 1 or more areas, each 15 minutes; therapeutic exercises to develop strength and endurance, range of motion and flexibility; $300.00 H10000656933594 |
| 9 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Andres Delgado, and Alberto Martinez | A.M. | Quality Profess. | 03/12/18 | Application of a modality to one or more areas; electrical stimulation (manual), each 15 minutes; $150.00 H10000657039677 |
| 10 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, and Andres Delgado | A.G. | Renewal | 09/24/18 | Application of a modality to 1 or more areas; electrical stimulation (manual), each 15 minutes; $300.00 H10000695533335 |
| 11 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Andres Delgado, and Alberto Martinez | H.L. | Quality Profess. | 10/14/18 | Application of a modality to 1 or more areas, ultrasound, each 15 minutes; $150.00 H10000699819956 |

9

| Count | Defendant(s) | Beneficiary | Clinic | Approx. Date Claim Submitted | Services Claimed; Approx. Amount Claimed; Claim Number |
|---|---|---|---|---|---|
| 12 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Andres Delgado, and Lazaro Laza | L.L | Renewal | 11/12/18 | Application of a modality to 1 or more areas; ultrasound, each 15 minutes; $150.00 H10000705540941 |
| 13 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Andres Delgado, and Alberto Martinez | M.R. | Renewal | 02/04/19 | Application of a modality to 1 or more areas; electrical stimulation (manual), each 15 minutes; $300.00 H10000721471464 |
| 14 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, Andres Delgado, and Alberto Martinez | M.M.M | Renewal | 02/11/19 | Application to a modality to 1 or more areas; electrical stimulation (manual), each 15 minutes; $300.00 H10000722939560 |
| 15 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, and Lazaro Laza | E.M. | Quality Profess. | 04/04/19 | Manual therapy techniques (EG, mobilization/manipulation, manual lymphatic drainage, manual traction) 1 or more regions, each 15 minutes; $300.00 H10000734020971 |
| 16 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, and Lazaro Laza | C.P.C | Quality Profess. | 05/03/19 | Professional services for the supervision of preparation and provision of antigens for allergen for immunotherapy; single or multiple antigens (Specific number of doses); $2,300.00 H10000740152030 |
| 17 | Lisvet Alvarez Rodriguez, Fausto P. Castillo, and Lazaro Laza | Y.T. | Quality Profess. | 05/03/19 | Application of a modality to 1 or more areas; electric stimulation (manual), each 15 minutes; $150.00 H10000740152416 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(7))

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendants, **LISVET ALVAREZ RODRIGUEZ, FAUSTO P. CASTILLO, ANDRES DELGADO, ROBERTO BARBON, ALBERTO MARTINEZ, LAZARO LAZA, WALTER ENRIQUE MACIAS,** and **NELSON RODRIGUEZ JR.** have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Sections 1347 or 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.      The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a sum of at least $2,027,434.18 in U.S. currency, which represents the amount of proceeds traceable to the alleged offenses and may be sought as a forfeiture money judgment.

4.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant,

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
LINDSEY LAZOPOULOS FRIEDMAN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.
LISVET ALVAREZ RODRIGUEZ,
et al,

_____ Defendants/

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

New defendant(s)  ☐ Yes  ☐ No
Number of new defendants  _____
Total number of counts  _____

**Court Division:** (Select One)
☑ Miami  ☐ Key West  ☐ FTL
☐ WPB  ☐ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes** _____
   List language and/or dialect  Spanish  _____

4. This case will take 7.00 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days       ☐
   II   6 to 10 days      ☑
   III  11 to 20 days     ☐
   IV   21 to 60 days     ☐
   V    61 days and over  ☐

   (Check only one)
   Petty         ☐
   Minor         ☐
   Misdemeanor   ☐
   Felony        ☑

6. Has this case previously been filed in this District Court? (Yes or No) **No** _____
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No** _____
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No** _____

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No** _____

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No** _____

_____
Lindsey Lazopoulos Friedman
Assistant United States Attorney
FLA Bar No.        091792

\*Penalty Sheet(s) attached

REV 3/19/21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**     **LISVET ALVAREZ RODRIGUEZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 5, 6, 8–17

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**    10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **FAUSTO P. CASTILLO**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 2–17

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**   10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **ANDRES DELGADO**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 8–14

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**   10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

<u>**PENALTY SHEET**</u>

Defendant's Name:     **ROBERTO BARBON**

Case No:

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 2–7

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**   10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**    **ALBERTO MARTINEZ**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 8–9, 11, 13, 14

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**    10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**    **LAZARO LAZA**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 12, 15–17

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**    10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**   **WALTER ENRIQUE MACIAS**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 3, 5–6

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**   10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**   **NELSON RODRIGUEZ, JR.**

**Case No:**

Count #: 1

Conspiracy to Commit Health Care Fraud and Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 years' Imprisonment

Counts #: 2, 4, 7

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:**   10 years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**