UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cr-20407-ALTMAN-2

**UNITED STATES OF AMERICA**,

v.

**FAUSTO P. CASTILLO**,

*Defendant.*
_____/

# ORDER

The Defendant, Fausto P. Castillo, has filed an Unopposed Motion for Compassionate Release (the "Motion") [ECF No. 392] pursuant to 18 U.S.C. § 3582(c)(1)(A). Castillo, who is eighty-two years old, is currently serving a thirteen-month sentence at FCI Miami for one count of conspiracy to commit health care fraud and wire fraud. *See* Amnd. Judgment as to F. Castillo [ECF No. 383] at 1–2; Motion at 1. In his Motion, Castillo indicates that, on January 20, 2024, he was hospitalized for a "dire" case of pneumonia. Motion at 2. Castillo now requests that we modify his sentence to time served. *Id.* at 3. The Government does not object to his Motion. *Id.* at 2 ("Undersigned counsel has conferred with Assistant United States Attorney Lindsey Lazopoulos Friedman who has no objection to this motion.").

Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Ibid. Third*, the Court should turn to the "extraordinary

and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." 18 U.S.C. § 3582(c)(1)(a); *see also United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020) (Altman, J.) (applying the framework).

Castillo is eligible for compassionate release under § 3582's framework. The Bureau of Prisons "has denied Castillo's request for Compassionate Release and therefore, the Court has jurisdiction over this instant motion." Motion at 1; *see also United States v. Gomez*, 2020 WL 5518358, at *1 (S.D. Fla. Sept. 14, 2020) (Scola, J.) ("Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where 'the interests of the individual weigh heavily against requiring administrative exhaustion.'" (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992) (cleaned up))). And, having reviewed the Motion, the record, the § 3553(a) factors, and other relevant law, we conclude that extraordinary and compelling reasons warrant a modification of Castillo's sentence to time served and that Castillo poses no danger to any person or to the community.

***

Accordingly, we hereby **ORDER and ADJUDGE** that the Defendant's Unopposed Motion for Compassionate Release [ECF No. 392] is **GRANTED**. The Defendant's sentence of imprisonment is reduced to time served, effective immediately. Upon release from imprisonment, the Defendant shall comply with all standard conditions of supervised release. Lastly, we **STRIKE** our Paperless Order Requiring the Government to Respond [ECF No. 391].

**DONE AND ORDERED** in the Southern District of Florida on January 23, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Bureau of Prisons